UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

OLGA TIMOFF,

    Plaintiff,

v.

CELEBRITY CRUISES INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, OLGA TIMOFF, is a citizen of the state of New Jersey.

2. Defendant, CELEBRITY CRUISES INC., is a foreign entity incorporated under the laws of Liberia with its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

  d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

  e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

  f. Defendant was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the cruise ships.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Summit* ("the vessel").

8. At all times material hereto, Defendant had exclusive custody and control of the vessel.

9. On or about June 1, 2022, Plaintiff was a paying passenger aboard the vessel, which was in navigable waters.

10. On or about the early morning of June 1, 2022, the Plaintiff was dancing on the dance floor aboard the vessel, when she slipped and fell on decorations and/or debris that were slippery and/or hazardous and sustained severe injuries.

## COUNT I – GENERAL NEGLIGENCE

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

11. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

- 3 -

12. On or about the above date, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

    a. Failure to provide and/or utilize hazard free decorations by the subject flooring and/or dance floor in light of the anticipated use of the subject area; and/or

    b. Failure to provide adequate lighting on or near the subject flooring and/or dance floor; and/or

    c. Failure to identify the dangerous and/or hazardous condition(s) which caused Plaintiff to slip and fall; and/or

    d. Failure to adequately remove any debris from the subject flooring and/or dance floor; and/or

    e. Failure to prevent debris and/or hazardous items and/or condition(s) to be near the subject flooring and/or dance floor; and/or

    f. Failure to promulgate and/or enforce adequate policies and/or procedures with regard to preventing slip-and-fall incidents; and/or

    g. Failure to correct hazardous conditions following prior slip-and-fall incidents on the same or similar flooring and/or dance floor.

13. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured but for the above acts and/or omissions.

14. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers in the same

or substantially similar area. Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

15. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT II – NEGLIGENT FAILURE TO WARN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

16. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

17. At all times material hereto, it was the duty of Defendant to warn passengers (like the Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like the Plaintiff) are invited to or may reasonably be expected to be.

18. On or about June 1, 2022, the Plaintiff was dancing on the dance floor aboard the vessel, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

19. On or about the above date, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to adequately warn passengers and the Plaintiff of the debris and/or hazardous condition(s) of the subject area; and/or

   b. Failure to adequately warn passengers and the Plaintiff of the risks and/or dangers associated with the debris, and/or slip-and-fall/hazardous condition(s) of the subject area and/or dance floor; and/or

   c. Failure to adequately warn passengers and the Plaintiff of other slip-and-fall incidents previously occurring in same area; and/or

   d. Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers like the Plaintiff are warned of the danger posed by debris and/or hazardous condition(s) on the subject area and/or dance floor.

20. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

21. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not warn about them.  Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area.  Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.

22. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT III – NEGLIGENT FAILURE TO MAINTAIN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

23. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

24. At all times material hereto, it was the duty of Defendant to maintain the vessel, including the subject area and/or dance floor, in a reasonably safe condition.

25. On or about the above date, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to regularly and adequately inspect subject area to determine whether it was unreasonably covered in debris and/or hazardous items; and/or

   b. Failure to regularly and adequately clean the subject area; and/or

- 7 -

  c. Failure to maintain the subject area and/or dance floor area in a reasonably safe condition in light of the anticipated use of the area; and/or

  d. Failure to maintain the subject flooring and/or dance floor in a reasonably safe condition if/when debris and/or decorations fell on the floor creating hazardous condition(s), including but not limited to, closing off the areas that were dangerous and/or hazardous, placing signage to caution passengers of hazardous areas, and/or directing passengers to alternative, safe areas; and/or

  e. Failure to promulgate and/or enforce adequate policies and/or procedures with regard to inspecting and/or maintaining the subject flooring and/or dance floor to prevent slip-and-fall incidents.

26. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

27. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area. Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

28. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom,

incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Dated: May 2, 2023

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd., Suite 1480
Coral Gables, Florida 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Elizabeth Irazabal*
**JASON R. MARGULIES**
Florida Bar No. 57916
jmargulies@lipcon.com
**JACQUELINE GARCELL**
Florida Bar No. 104358
jgarcell@lipcon.com
**ELIZABETH IRAZABAL**
Florida Bar No. 1010997
eirazabal@lipcon.com